UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA PENNINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-1937 |
| | § | |
| CARMAX AUTO SUPERSTORES INC, | § | |
| | § | |
| Defendant. | § | |

**OPINION & ORDER**

Before the Court is Plaintiff Patricia Pennington's ("Pennington") motion to remand (Doc. 3), as well as Defendant CarMax Auto Superstores, Inc.'s ("CarMax") response (Doc. 6). Pennington contends that CarMax's removal of this action from state court (Doc. 1) was improper because the amount in controversy in this case does not exceed $75,000, as required by 28 U.S.C. § 1332(a)(1), and that CarMax "waived its right to removal by seeking affirmative action in the state court." (Doc. 3 at 1.) Upon review and consideration of this motion, the response thereto, and the relevant legal authority, the Court finds that Plaintiff Pennington's motion to remand should be denied.

I. Background and Relevant Facts

On May 15, 2009, Plaintiff Pennington filed suit in the 80th Judicial District Court of Harris County, Texas, against Defendant CarMax alleging negligent misrepresentations, fraud by nondisclosure, breach of express and implied warranties and violations of the Texas Deceptive Trade Practices and Consumer Protection Act ("TDTPA"), Tex. Bus. & Com. Code § 17.41 *et seq*. (See Doc 1-2 at 5.) CarMax responded with a Special Exceptions/Motion for More Definite Statement and, Subject Thereto, Defendant's Original Answer and Affirmative Defenses on June

1 / 5

15, 2009. (Doc 1-2 at 34.) Defendant thereafter filed its Notice of Removal in this Court on June 22, 2009, pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1.)

II. Legal Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000).

After removal a plaintiff may move for remand and, if "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries*, L.P., 97 F.3d 100, 106 (5th Cir. 1996); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941). Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

In cases such as this one, where the plaintiff assert that diversity jurisdiction does not exist due to the amount in controversy being less than $75,000, the plaintiff's claims for damages as set forth in the complaint remain presumptively correct unless the removing defendant can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (holding that the amount in controversy is determined from complaint itself, unless it appears that "the amount stated in

the complaint is not claimed in good faith."); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar*, 47 F.3d at 1412.

Unless the defendant can meet its burden, the plaintiff may avoid federal diversity jurisdiction by pleading, in good faith, state court damages below the minimum federal jurisdictional amount. *See St. Paul Mercury Indem. Co.*, 303 U.S. at 294 (holding that a plaintiff who does not "desire to try his case in federal court . . . may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); *Allen*, 63 F.3d at 1335 ("If a plaintiff pleads damages less than the jurisdictional amount, he generally can bar a defendant from removal."). However, it is well established that "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filings irrelevant." *De Aguilar*, 47 F.3d at 1412 (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam)).

In determining whether the removing defendant has met its burden, the court looks to whether it is "facially apparent" from the plaintiff's complaint that the amount in controversy exceeds the jurisdictional minimum. *Allen*, 63 F.3d at 1335. The court examines the complaint to ascertain whether the amount in controversy is likely to exceed $75,000 by referring to the types of claims alleged by the plaintiff as well as the nature of the damages sought. *Allen*, 63 F.3d at 1335–36. If the removing defendant is able to establish that the amount in controversy exceeds $75,000, removal of the cause is deemed proper unless the plaintiff can show that, as a matter of law, it will be unable to recover more than $75,000. *Id.*; *De Aguilar*, 47 F.3d at 1411. In other words, once the removing defendant has established, by a preponderance of the

evidence, that the amount in controversy requirement is met, it must appear to a "legal certainty" that plaintiff's claim is for less than the jurisdictional amount for remand to be appropriate. *De Aguilar*, 47 F.3d at 1412.

III. Discussion

Plaintiff Pennington argues that "Defendant's bald assertions that [Pennington] may ultimately recover more than the $75,000.00 threshold limit is not a sufficient basis for federal jurisdiction." (Doc. 3 at 2.) However, Pennington's complaint demands actual damages "not . . . in excess of $30,000[,]" damages for mental anguish "not . . . in excess of $10,000[,]" and additional exemplary damages "in an amount not to exceed three times her actual damages." (Doc. 1-2 at 10–11.) This language makes clear that Pennington sues for $30,000 in actual damages, $10,000 in damages for mental anguish, and up to $90,000 in exemplary damages, thus meeting the amount in controversy necessary for this Court to assert jurisdiction.

Pennington next argues that CarMax "waived its right of removal by seeking affirmative relief from the state court." (Doc. 3 at 2.) Pennington contends that in its answer, CarMax "asked the state court to grant special exceptions" and "asserted several non-compulsory affirmative defenses[,]" and therefore "clearly and unequivocally waived any right to removal." (*Id.* at 2–3) However, failure to file special exceptions to Texas state court pleadings, the functional equivalent of a federal motion for more definite statement, prior to filing a responsive pleading constitutes waiver of the pleadings defects. *Cf.* Fed. R. Civ. P. 12(e), Tex.R.Civ.P. 90. CarMax was therefore compelled to point out any defects in Pennington's complaint prior to filing its answer. (Doc. 1-2 at 34.) Further, it generally recognized that all affirmative defenses are compulsory in that they must be pled to be preserved. *Cf.* Fed. R. Civ. P. 8(c) and Tex. R. Civ. P. 93–95.


## IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Plaintiff Patricia Pennington's motion to remand (Doc. 3) this case to state court is **DENIED**.

SIGNED at Houston, Texas, this 17th day of March, 2010.

                                      MELINDA HARMON
                               UNITED STATES DISTRICT JUDGE