UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA PENNINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-1937 |
| | § | |
| CARMAX AUTO SUPERSTORES INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is Defendant CarMax Auto Superstores, Inc.'s ("CarMax") motion for summary judgment. Doc. 19. CarMax filed the motion on June 24, 2011. On August 24, the Court noted that Plaintiff Patricia Pennington had not yet responded to the motion and ordered that Pennington respond within twenty days or the Court would consider the motion unopposed. Doc. 20. Because Pennington has not responded to CarMax's motion for summary judgment, the Court finds that the motion is unopposed.

Having considered CarMax's motion for summary judgment, the record of the case, and all applicable law, the Court finds that the motion should be granted.

Background

On May 15, 2007, Pennington purchased a 1999 Ford Explorer from CarMax. Doc. 1-2 at 6. Pennington asserts, but provides no evidence in support thereof, that she "originally negotiated a deal for another Explorer, but after this deal was made, CarMax demanded an additional $1000 claiming there was an issue with the mileage on the 2000 Cadillac Escalade she was trading in." *Id.* Pennington claims that "CarMax took advantage of the situation and forced Pennington to accept a lesser quality Explorer under the terms as the old deal. [sic] CarMax represented this other Explorer was in good condition despite knowing it was defective and of much lesser

value." *Id.*

CarMax has introduced summary judgment evidence that Pennington's purchase was governed by a "Buyer's Order" which Pennington signed on the date of purchase. Doc. 19-1 at 2. The reverse side of the Buyer's Order contained the following limitations:

> "LIMITATIONS OF WARRANTIES: CARMAX MAKES NO EXPRESS WARRANTIES UNLESS SEPARATELY SET FORTH IN WRITING. ANY AND ALL IMPLIED WARRANTIES APPLICABLE TO THE PRODUCTS SOLD HEREUNDER, INCLUDING THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE LIMITED TO THE DURATION OF THE WRITTEN LIMITED WARRANTY GIVEN BY CARMAX, IF ANY.
> . . .
> MERGER CLAUSE. All prior written or oral statements, negotiations, communications or representations about the products sold hereunder have been merged into or are superceded by this Buyer's Order, and, if not incorporated into this writing, are not binding. To the extent permitted by applicable law, this Buyer's Order is the total agreement about any and all warranties related to the products sold hereunder."
> *Id.* at 3.

A "Buyer's Guide" and a "CarMax Warranty Brochure" were also incorporated into the terms of the Buyer's Order. *Id.* The Limited Warranty stated:

> "This is the only express warranty made by CarMax. ANY AND ALL IMPLIED WARRANTIES, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE, ARE LIMITED TO THE DURATION OF THIS WRITTEN LIMITED WARRANTY. No other warranty of any kind is made unless expressly provided herein. To the extent allowed by applicable law, CarMax shall not be liable for any damages relating to loss of use of the products, loss of time, inconvenience or commercial loss, or any other incidental or consequential damages. … Prior written or oral statements, negotiations, communications or representations regarding warranties have been merged into or superceded by this writing, and if not included in this writing, they shall not be binding. This is the total agreement about any and all warranties relating to the product warranted hereunder."
> *Id.* at 6.

The vehicle that Pennington purchased subsequently was plagued by mechanical difficulties which defied permanent repair, despite CarMax's numerous attempts. Doc. 1-2 at 7.

Summary Judgment Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue, and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact" and on which the movant is entitled to judgment as a matter of law. *Lincoln Gen. Ins. Col. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Where there is a factual dispute, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a

motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). Where the non-movant presents no evidence or response, the court still must inquire into the sufficiency of the summary judgment evidence, but a court is not required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Analysis

In her complaint, Pennington asserts claims under the Texas Deceptive Trade Practices Act ("DTPA") for CarMax's "false, misleading, and deceptive acts or practices," and a "laundry list" of other DTPA violations.[1] Doc. 1-2 at 7. She also asserts claims of fraud by nondisclosure for CarMax's failure "to disclose the true condition of the Explorer," for negligent misrepresentation for CarMax's "misstatements of facts" about the quality of the vehicle, breach of express and implied warranty, and negligent training and supervision of its employees. *Id.* at 7-10.

Under Texas law, reliance is an element of Pennington's DTPA claims and her claims for fraud, negligent misrepresentation, and breach of express warranty. *See Henry Schein, Inc. v. Stromboe*, 102 S.W.3d at 686 ("Reliance is also not only relevant to, but an element of proof of, plaintiffs' claims of breach of express warranty (to a certain extent), negligent misrepresentation, promissory estoppel and DTPA "laundry-list" violation); *Simpson v. Woodbridge Properties,*

---

[1] The DTPA establishes a list of actions or practices on which a consumer may maintain an action when they "constitute a producing cause of economic damages or damages for mental anguish." Tex. Bus. & Com.Code § 17.50(a)(1). Because consumers frequently assert many or all of these practices in a DTPA claim, Texas courts refer to the enumerated DTPA violations as the "laundry list." *See Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 (Tex. 2002).

*L.L.C.*, 153 S.W.3d 682, 684 (Tex.App.–Dallas, 2004) ("A successful claim under the DTPA requires the claimant to prove it detrimentally relied on a false, misleading or deceptive act or practice. . . Likewise, causes of action for fraud and negligent misrepresentation also require proof of reliance."). A contractual provision "disclaiming reliance on any representations outside the parties' contract" negates the reliance element essential to these causes of action, however, and is grounds for summary judgment on such claims. *See Simpson*, at 684.

Here, CarMax has introduced evidence that Pennington signed the "Buyer's Order," thereby contractually disclaiming reliance on "ANY AND ALL IMPLIED WARRANTIES," "[p]rior written or oral statements, negotiations, communications or representations regarding warranties," and "[a]ll prior written or oral statements, negotiations, communications or representations" about the Explorer she was purchasing. Because Pennington contractually disclaimed reliance on any representations not contained within the Buyer's Order, her claims premised on such representations must fail. Because all of Pennington's claims turn on her allegations that CarMax misrepresented or failed to disclose the nature and quality of the vehicle she purchased, or that CarMax expressly or impliedly warranted the condition of the vehicle other than through the Buyer's Order, CarMax is entitled to summary judgment on these claims.

Lastly, Pennington also asserts a claim for "negligent training and supervision" of CarMax's employees. Pennington asserts that CarMax's failure adequately to train its employees caused its sales representatives "to make false and misleading representations about vehicles in order to induce purchasers, such as Pennington, to buy them." Doc. 1-2 at 10. Pennington asserts that CarMax's "negligent acts concerning the training and supervision of its sales representatives proximately caused Pennington's damages." *Id.* Because Pennington's negligent training claim relies on the existence of "false and misleading representations," of which she has produced no

evidence in this case, this claim must also fail.

Conclusion

Because CarMax has introduced sufficient evidence to demonstrate that it is entitled to judgment as a matter of law and Plaintiff has failed to submit any evidence raising a genuine issue of material fact regarding CarMax's proof, the Court hereby

**ORDERS** that Defendant CarMax Auto Superstores, Inc.'s motion for summary judgment (Doc. 19) is **GRANTED**.

SIGNED at Houston, Texas, this 16th day of March, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE